210 F.Supp.2d 58 (2002)
Noel RODRÍGUEZ VÁZQUEZ, et al., Plaintiffs,
v.
Abraham LÓPEZ MARTÍNEZ and Municipality of Salinas, et al., Defendants.
Civil No. 01-1541(JP).
United States District Court, D. Puerto Rico.
July 11, 2002.
*59 Eliezer Aldarondo-Ortiz, Pablo Landrau-Pirazzi, San Juan, PR, for plaintiff.
Johanna M. Emanuelli-Huertas, Pedro Ortiz Alvarez Law Offices, Ponce, PR, for defendant.

ORDER
PIERAS, Senior District Judge.
The Court has before it Defendants' Motion entitled "Motion to Request Reconsideration or Order Denying the Deposition of Basilio Baerga Paravisini and Requesting Other Relief" [sic] (docket No. 100) and Plaintiffs' Opposition thereto (docket No. 102).
First and foremost, Defendants are under the mistaken belief that the Court has denied them the opportunity to take the deposition of Basilio Baerga Paravisini. Further, the Court is shocked that Defendants have accused it of denying them due process and causing them to lose their rights to discovery. Defendants have misrepresented the Orders of this Court by stating in their instant motion that the June 26, 2002 Order of the Court states that "since the parties changed the already scheduled deposition date of Basilio Baerga Paravisini, then they cannot depose him at all." What the June 26, 2002 Order clearly states is that deviation from the dates set in the ISC for deposing witnesses is at the parties' own risk and "the Court will not get involved in the deposition problems resulting from the unilateral decision to reschedule deposition dates already set by the ISC Order." This Court quashed Defendants' subpoena requiring Mr. Baerga to appear at a deposition on June 10, 2002 because first, said date was not the date agreed to in the ISC Order by the Court and the parties, and second, notice of the new subpoena date was served too late on Plaintiffs. The Court then denied Defendants' motion for a second Order requiring Mr. Baerga to appear at a deposition because the Court does not get involved in problems resulting from the parties' decision to change deposition dates previously scheduled in the ISC Order. The ISC Order states as follows:
The dates specified herein were agreed to or otherwise ordered by the Court at the Conference and the parties have been informed by the Court that they have to comply with such schedule regardless of the fact that this Order, in its written form, may not be entered *60 before the event. These dates shall not be changed. If changed, the same is at the risk of the party interested in the information or discovery and in no event shall affect the subsequent course of the action as scheduled herein. Fed.R.Civ. P.Rule 16.
See Noel Rodríguez Vázquez v. Abraham López Martínez, Civil No. 01-1541(JP), Initial Scheduling Conference Order, Section XI, March 11, 2002, (docket No. 46) at 10-11.
Therefore, in order to set the record straight, the Court hereby affirms that it declined to issue an additional Order for Mr. Baerga's deposition because Defendants changed the deposition date set in the ISC Order for the taking of Mr. Baerga's at their own risk. At no time did the Court forbid the taking of Mr. Baerga's deposition.
Further, Defendants' allegation that they could not hold the deposition of Mr. Baerga on the date scheduled by the ISC because they could not locate his address is far-fetched. Mr. Baerga is the immediate former Mayor of Salinas, and his whereabouts should have been easily attainable and he was ultimately served summons in the city of Cayey which is next to Salinas. However, notwithstanding the Court's policy of not getting involved in rescheduling ISC Order discovery dates when they have not been complied with, Defendants are free to depose whomever they wish by serving subpoenas and providing the opposing parties with adequate notice. That said, the Court reiterates that it is not guaranteed that additional witnesses who are not listed in the ISC memorandum will be allowed at trial. This policy is stated in the ISC Order and this Court's June 19, 2002 Order ruling on Plaintiffs' "Motion requesting Leave to Take Two (2) Depositions" (docket No. 89). Leave to announce additional witnesses must comply with the procedure meticulously outlined by the ISC Order. Failure to announce additional witnesses in accordance with this procedure SHALL result in this Court not allowing the additional witnesses.
The ISC Order is the guide that the parties must use when requesting the admission of additional witnesses or documents. On this topic, the ISC Order states as follows:
Additional witnesses will not be allowed because this will create undue prejudice to the opposing party. If any party wishes to use any additional witnesses, it will be discretionary with the Court, provided that the parties state in writing on or before March 28, 2002, the following information regarding each additional witness: name and address with a short statement as to the subject matter of their testimony, and proof that the names of these witnesses, or the fact that their testimony was decidedly material, was not known at the time of this Initial Scheduling Conference, and the reason why they were not known. In the case of a proposed expert witness, the party requesting leave to amend the witness list shall also provide the expert's report to the Court and to the Defendant within two weeks of the request, which must include all the information specified in Rule 26(2)(B) of the Federal Rules of Civil Procedure and any information requested in the Initial Scheduling Conference Call.
See Noel Rodríguez Vázquez v. Abraham López Martínez, Civil No. 01-1541(JP), Initial Scheduling Conference Order, Section VII, March 11, 2002, (docket No. 46) at 6-7.
Further Section VIII of the ISC Order states:
No other documents will be admitted without leave of Court. If any party *61 wishes to use any document not listed herein, it must serve the document on all other parties and notify the Court of its intent to use the document, explaining its relevance and why its existence or materiality was not known at the time of this Conference, on or before March 28, 2002. The Court expressly reserves its decision as to whether any document not specifically listed in this Order will be admitted.
See Noel Rodríguez Vázquez v. Abraham López Martínez, Civil No. 01-1541(JP), Initial Scheduling Conference Order, Section VIII, March 11, 2002, (docket No. 46) at 7-8.
In addition to requesting that the Court reconsider its orders pertaining to the deposition of Mr. Baerga, Defendants have also moved this Court to "reconsider all its orders stemming from the strict imposition of the ISC dates". See Defendants' Motion entitled "Motion to Request Reconsideration or Order Denying the Deposition of Basilio Baerga Paravisini and Requesting Other Relief" at page 4 (docket No. 100). Said motion is general and devoid of specific citations to the relevant and applicable Orders of this Court. It is also devoid of specific justifications or arguments in support of the relief sought. Therefore, the Court hereby DENIES Defendants' request for reconsideration of all Orders stemming from strict imposition of the ISC dates.
The Court does not deprive any party of any right provided by the United States Constitution to adequately prepare for and advance their case. On the contrary, in the interest of responsible case management, the Court provides the parties with parameters and guidelines designed to facilitate orderly pre-trial practice.[1] For example, the ISC Order in this case states in pertinent part: "the Court GRANTS until June 3, 3002, for the filing of any and all dispositive motions; if not filed by said date, the arguments thereunder shall be deemed waived". See docket No. 46. Defendants filed their summary judgment motion out of term on June 7, 2002, in noncompliance with the ISC Order. As a consequence of filing the dispositive motion out of term, the Court deemed the arguments thereunder, including the defense of qualified immunity waived. Fortunately for Defendants, the defense of qualified immunity has not been completely exhausted. While Defendants have waived the qualified immunity defense during this pre-trial stage as a result of filing their Summary Judgment motion out of term, Defendants are free to argue the qualified immunity defense in a Rule 50 motion and after trial. Qualified Immunity is a question of law, and when deciding it, the Court must look to the uncontested facts or the facts garnered from a jury's verdict. If the facts are contested, the Court cannot rule on the qualified immunity motion until after the verdict is entered. See Kelley v. LaForce, 288 F.3d 1, 9 (1st Cir.2002) ("Only after the facts have been settled can the court determine whether the actions were objectively reasonable so as to fall under the qualified immunity umbrella"); see also Suárez Cestero v. Pagán Rosa, 198 F.Supp.2d 73, 93 (D.Puerto *62 Rico, 2002) (Pieras, J.) ("Until a jury renders a verdict regarding these factual further. questions, the Court will be unable to make a determination regarding qualified immunity"). Therefore, should Defendants raise the qualified immunity defense at the close of evidence in a Rule 50 motion, or at the end of trial after the jury verdict has been entered, the Court will entertain it at that time.
The Court expects the parties to comply with every section of the ISC Order. If Defendants wish this Court to consider additional relevant matters, they must specify each matter in accordance with the ISC Order's procedure as set forth above. Discovery should have been conducted in accordance with the ISC Order regardless of the fact that the date for trial was changed from September to November. This case SHALL be tried on the date scheduled by the Court. The Court will not allow dilatory tactics to avoid discovery and trial as scheduled. Finally, at this point and under the circumstances, the Court sees no need for the holding of a Further Scheduling Conference.
Further, it is relevant to note that in the time-frame following the most recent general elections, the undersigned has been assigned 15 political discrimination cases, comprising a total number of 470 plaintiffs who have alleged that their employment was adversely affected on account of political discrimination. Recent experience with Defendants' attorney has shown the undersigned that her clients do not settle such cases. Therefore, in order to maintain control over these many cases and Plaintiffs and the pre-trial process, the Court must comply strictly with the Civil Justice Reform Act, the advise of the Committee, and the procedures for case management organized and laid forth in the ISC Order. We cannot have two judges in the same case. The Court need go no further.
IT IS SO ORDERED.
NOTES
[1] To be sure, all attorneys practicing before this Court are expected to be well versed in pre-trial practice. They are encouraged to read Judicial Economy and Efficiency Through the Initial Scheduling Conference: The Method, 35 Cath.U.L.Rev. 943 (1986) authored by the undersigned Judge, and peruse the Civil Justice Reform Act, codified at 28 U.S.C.A. §§ 471-482 (West 1993) in order to understand the necessity of adhering to orders concerning pre-trial discovery. The federal docket is replete with costly time consuming litigation. The importance of this Court's ISC and its resulting Order is to streamline this litigation and reduce the cost and delay that so frequently characterizes it.